**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSA MARIA JIMENEZ-GUDINO, AKA Rosemary Contreras, AKA Rosa Maria Hernandez, AKA Rosemary Hernandez, AKA Rosemary Jimenez, AKA Rosa Maria Jiminez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71841 <br><br> Agency No. A008-920-096 <br><br> MEMORANDUM[*] |
| ROSA MARIA JIMENEZ-GUDINO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72706 <br><br> Agency No. A008-920-096 |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 8, 2013
Seattle, Washington

Before: HAWKINS, THOMAS, and NGUYEN, Circuit Judges.

Rosa Maria Jimenez-Gudino ("Jimenez") petitions for review of two orders of the Board of Immigration Appeals ("BIA"), which (1) affirmed an Immigration Judge's denial of her motion to terminate proceedings and entry of a final order of removal, and (2) denied her motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252.

The doctrine of collateral estoppel does not preclude Jimenez from litigating her derivative citizenship claim in the instant removal proceedings. A prior judicial determination cannot, by operation of collateral estoppel, deprive an individual in removal proceedings of the procedural protections guaranteed by the Immigration and Nationality Act. *Title v. I.N.S.*, 322 F.2d 21, 24 (9th Cir. 1963). Because alienage is the only disputed issue in Jimenez's removal proceedings, giving preclusive effect to the alienage determination in her prosecution for illegal reentry would deprive Jimenez of the opportunity to challenge her removability in the manner prescribed by the INA. The government concedes that, if allowed to

2

litigate it, Jimenez has raised a genuine issue of material fact regarding her derivative citizenship claim.

Therefore, we hold this petition in abeyance and transfer proceedings to the U.S. District Court for the Western District of Washington for de novo review of Jimenez's citizenship claim. 8 U.S.C. § 1252(b)(5)(B). Upon completion of that review, we will reassume jurisdiction of this case.

**TRANSFERRED.**